FILED
2017 MAY 12 AM 10:11
CLERK
U.S. DISTRICT COURT

## IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
## CENTRAL DIVISION

| | |
|---|---|
| KELLY JESSOP, an individual, on behalf of himself and all others similarly situated,<br><br>     Plaintiff,<br><br>v.<br><br>DALLIN LARSEN, an individual, HENRY MARSH, an individual, RANDY LARSEN, an individual, and BANKERS TRUST COMPANY,<br><br>     Defendants,<br><br>And related Third Party Complaint. | **FINAL ORDER AND FINAL JUDGMENT**<br><br>Civil No. 2:14-cv-00916-BSJ |

Before the Court are (1) Plaintiff's Unopposed Motion for Final Approval of Settlement and Judgment (DE 184 and DE 184-1) and (2) Plaintiff's Unopposed Motion for Approval of Attorneys' Fees, Reimbursement of Expenses, and Case Contribution Award (DE 185), filed by Plaintiff on March 10, 2017. Also before the Court is the Consent Judgment (initially filed by the United States Department of Labor ("DOL") in consolidated case 2-16-cv-1159), filed by the DOL as a Notice of Lodging on November 29, 2016 (DE 17).

### Background

Plaintiff Kelly Jessop was an employee of Mona Vie, Inc. and a participant in the Mona Vie ESOP. Plaintiff brought suit under this cause number against Bankers Trust Company ("BTC") and Dallin Larsen, Randy Larsen, and Henry Marsh (the "Individual Defendants", collectively with BTC the "Defendants") (the "Lawsuit"). The Lawsuit claims that the Defendants violated a federal statute, the Employee Retirement Income Security Act of 1974

("ERISA") and breached their fiduciary duties in connection with the purchase of outstanding stock of Mona Vie, Inc. ("Mona Vie") by the Mona Vie ESOP on or about November 17, 2010 ("the 2010 Transaction") for $186 Million.

Specifically, Plaintiff alleged that BTC violated ERISA, because BTC: (1) caused or permitted the Mona Vie ESOP to engage in the transaction without undertaking an appropriate investigation of the 2010 Transaction as proposed; (2) was aware of facts or should have known facts evidencing that the 2010 Transaction was imprudent and not in the best interest of the ESOP's participants and beneficiaries; (3) caused or permitted the ESOP to take on excessive debt in the transaction; (4) engaged in the 2010 Transaction without regarding the conflicts of interested parties who assisted it in the 2010 Transaction; and (5) did nothing to cure the overpayment by the ESOP for its shares. Plaintiff also alleges that the Individual Defendants violated their fiduciary duties under ERISA by participating in the 2010 Transaction and not taking prudent steps in the selection of BTC as trustee for the ESOP. Plaintiff also alleges that the Individual Defendants are parties-in-interest under ERISA who knowingly participated in the breaches of fiduciary duty committed by BTC. The DOL also investigated the 2010 Transaction. The DOL has raised similar allegations against BTC and the Individual Defendants.

BTC and the Individual Defendants deny all of the Plaintiffs' allegations in the Lawsuit, all of the allegations asserted by the DOL, deny any wrongdoing regarding the 2010 Transaction, and have vigorously defended themselves in the Lawsuit and against the DOL. BTC and the Individual Defendants have entered into the Settlement, and reached certain agreements with the DOL, to resolve all litigation and to avoid the risks and expenses of litigation.

2

## Settlement

Plaintiff, BTC, and the Individual Defendants reached a settlement pending court approval as more specifically described in a Settlement Agreement dated November 11, 2016, a copy of which was previously filed with the Court (the "Settlement"). Thereafter, among other filings, Plaintiff filed the instant motions and the DOL filed the Consent Judgment. The proposed Settlement and Consent Judgment call for the Defendants to pay $19.8 million, which includes all costs and expenses, in accordance with the terms of the Settlement (the "Settlement Fund"). The payments by Defendants to the Settlement Fund shall be made by wire or check as follows:

By Wire:

| | |
|---|---|
| Account Number: | 1893205147 |
| Account Name: | Computershare Inc AAF KCC Clients |
| Account Address: | 250 Royall Street |
| | Canton, MA 02021 |
| ABA Routing #: | 044000024 |
| Bank: | Huntington National Bank |
| | 41 South High Street |
| | Columbus, OH 43287 |
| Beneficiary Name: | Jessop v Larsen et al Qualified Settlement Fund |

By Check: The check shall be made payable to: "KCC aaf Jessop v Larsen et al Qualified Settlement Fund" and sent to:

KCC
Attn: Matt Bremmer
3301 Kerner Blvd
San Rafael, CA 94901

## Fairness Hearing and Notice Issues

The Court held a Fairness Hearing on the approval of the Settlement, the instant motions, and the Consent Judgment on April 11, 2017. All parties urged approval in accordance with the

filings made with the Court. The Court explored the details of the Settlement, the instant motions, and the Consent Judgment, among other issues, with counsel for all parties.

The Court finds that class notice was sent to all plaintiff class members, and that none objected. The Court further finds that Defendants timely sent on February 8, 2017 a proper CAFA Notice to all applicable governmental authorities in accordance with this Court's prior order and 28 U.S.C. § 1715. Defendants were unable to forward the CAFA notice materially any earlier than February 8, 2017 because Defendants had not been provided with the plaintiff class resident addresses to serve the proper government officials. At the April 11, 2017 Fairness Hearing counsel for the parties and the Court discussed that "an Order giving final approval of a proposed settlement should not be issued earlier than 90 days after the later of the dates on which the appropriate Federal official and the appropriate State official are served with the (CAFA) notice required under subsection (b)." *See* 28 U.S.C. § 1715(d). The Court thus held in abeyance final approval and final judgment until the full 90 day period had run, setting a further status conference for May 12, 2017, or alternatively, the filing of a Status Report. See *In re Processed Egg Products Antitrust Litigation*, 284 F.R.D. 278, 287 n. 1 (E.D. Pa. 2002). This Court now finds that over ninety days have elapsed since Defendants served the appropriate federal and state officials with the CAFA notice, and that there have been no requests for hearings or objections to the settlement by such officials. The substance of the CAFA requirements have been satisfied insofar as providing federal and state officials sufficient notice and opportunity to be heard. The requirements of the CAFA have been complied with. *Id. See also D.S. ex rel. S.S. v. New York City Dep't of Educ.*, 255 F.R.D. 59, 80 (E.D.N.Y. 2008); *Adoma v. Univ. of Phoenix, Inc.*, 913 F. Supp. 2d 964, 973-74 (E.D. Cal. 2012).

4

<u>Orders and Judgment</u>

The Court finds and accepts the Settlement as fair, reasonable, adequate and in the best interest of the class members. The Settlement and this Court's certification of the Class under Rule 23(b)(1)(B) of the Federal Rules of Civil Procedure provide for a mandatory class and that class members are not permitted to exclude themselves from the settlement. In a prior Order, the Court authorized the Settlement Administrator and Independent Fiduciary to take action for the distribution of the Net Settlement Fund pursuant to the Settlement Agreement. (DE 181, ¶¶27-30). The requirements of Rule 23(e) and due process have been satisfied by the Settlement and distribution of the class notices to the class members.

Having reviewed the filings, awards in similar cases, and applying the factors set forth in *Brown v. Phillips Petroleum Co.*, 838 F.2d 451, 454–55 (10th Cir. 1988), the Court finds that Class Counsel's request $2,542,00.000 in attorneys' fees and $458,000.00 in reimbursement of expenses is reasonable. The Court awards Class Counsel $3,000,000.00 to be paid from the Settlement Fund, which represents 15.15% of the Settlement Fund. Additionally, having reviewed the filings and awards in similar cases, the Court awards Plaintiff Kelly Jessop $10,000.00 as a Case Contribution Award to be paid from the Settlement Fund.

THEREFORE:

The Motion for Final Approval of Settlement is **GRANTED.**

The Motion for Approval of Attorneys' Fees, Reimbursement of Expenses, and Case Contribution Awards is **GRANTED**.

The Consent Judgment is approved and shall be signed and entered in conjunction with this Final Order and Final Judgment.

The Third Party Complaint filed by BTC against Mona Vie, and the Counterclaim filed by Mona Vie against BTC, are hereby dismissed with prejudice, with each party to bear their own costs and expenses, in accordance with the Settlement.

The Court enters final judgment on Plaintiff's Amended Complaint in the Lawsuit, consistent with the Settlement and consistent with the terms of this Order. The Court finds there is no just reason to delay the entry of this final judgment and expressly directs the entry thereof as a Final Order and Final Judgment.

**SO ORDERED** this ___12th___ day of May, 2017.

The Honorable Bruce S. Jenkins

KD_8802176_2.docx

6